# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued March 26, 2007          Decided April 20, 2007

No. 06-1077

AMERICAN ORIENT EXPRESS RAILWAY COMPANY, LLC,
PETITIONER

v.

SURFACE TRANSPORTATION BOARD AND
UNITED STATES OF AMERICA,
RESPONDENTS

UNITED TRANSPORTATION UNION AND
V. M. SPEAKMAN,
INTERVENORS

---

Consolidated with
06-1080

---

On Petitions for Review of an Order of the
Surface Transportation Board

---

*Robert Bergen* argued the cause and filed the briefs for petitioner American Orient Express Railway Company, LLC. *Lawrence R. Liebesman* and *Paul J. Kiernan* entered appearances.

2

*Gordon P. MacDougall* argued the cause and filed the briefs for petitioner United Transportation Union-General Committee of Adjustment.

*Craig M. Keats*, Deputy General Counsel, Surface Transportation Board, argued the cause for respondent. With him on the brief were *Thomas O. Barnett*, Assistant Attorney General, U.S. Department of Justice, and *Robert B. Nicholson* and *John P. Fonte*, Attorneys, *Ellen D. Hanson*, General Counsel, Surface Transportation Board, and *Jamie Palter Rennert* and *Jamellah Ellis*, Attorneys.

*Daniel R. Elliott III* was on the brief for intervenor United Transportation Union.

No. 06-1203

AMERICAN ORIENT EXPRESS RAILWAY COMPANY, LLC, PETITIONER

v.

UNITED STATES OF AMERICA AND RAILROAD RETIREMENT BOARD, RESPONDENTS

———

On Petition for Review of a decision of the Railroad Retirement Board

———

*Robert Bergen* argued the cause and filed the briefs for petitioner. *Paul J. Kiernan* entered an appearance.

*Rachel L. Simmons*, General Attorney, Railroad Retirement Board, argued the cause for respondent. With her on the brief was *Steven A. Bartholow*, Deputy General Counsel.

Before: SENTELLE, RANDOLPH and ROGERS, *Circuit Judges*.

Opinion for the court filed by *Circuit Judge* RANDOLPH.

RANDOLPH, *Circuit Judge*: The American Orient Express Railway Company markets and sells vacations aboard vintage railcars. The issue in these petitions for judicial review is whether the Orient Express is a "rail carrier," and thus a covered employer liable for contributions under the Railroad Retirement Act, 45 U.S.C. § 231 *et seq.*, and the Railroad Unemployment Insurance Act, *id.* § 351 *et seq.*[1]

Vacations on the Orient Express feature luxury train accommodations, fine dining, and activities such as excursions at intermediate stops, lectures, and live music. The Orient Express company owns the railcars and employs onboard service workers, including chefs, waiters, bartenders, tour leaders, and cabin attendants. To move its railcars, the company contracts with Amtrak, which provides locomotives and engine crews and makes arrangements with third parties who own and operate railroad tracks.

The Railroad Retirement Board initiated proceedings to determine whether the Orient Express was liable for contributions under the Railroad Retirement Act and the Railroad Unemployment Insurance Act. Under those statutes, a covered employer includes, essentially, any carrier by railroad

---

[1] Although the Orient Express sold its assets, the case is not moot because the company's liability for contributions remains at issue.

subject to the jurisdiction of the Surface Transportation Board. *See* 45 U.S.C. §§ 231(a)(1), 351(a)-(b). At the request of the Orient Express, the Retirement Board stayed its proceedings to allow the company to obtain a declaratory order from the Surface Transportation Board. The Transportation Board issued a declaratory order stating the company was subject to its jurisdiction. STB Finance Docket No. 34502 (Dec. 27, 2005) (STB Order). The Retirement Board then issued an order agreeing with the Transportation Board and holding the company liable for contributions. B.C.D. 06-15 (Apr. 18, 2006) (RRB Order).

The Orient Express claims it is not subject to the jurisdiction of the Transportation Board because it neither owns nor operates a railroad. Under the Interstate Commerce Act, the Transportation Board has jurisdiction over "transportation by rail carrier that is . . . by railroad." 49 U.S.C. § 10501(a)(1). A rail carrier is "a person providing common carrier railroad transportation for compensation." *Id.* § 10102(5).

The Transportation Board ruled that the Orient Express provides "transportation." The company does not dispute that ruling. But the company denies that it provides "railroad transportation," arguing that it is not a "railroad" because it does not own tracks, *see* 49 U.S.C. § 10102(6), and therefore cannot provide "railroad transportation." The argument not only defies common sense – if the Orient Express is not providing railroad transportation, what kind of transportation is it providing? – but also confuses the use of "railroad" as a noun with its use as an adjective in § 10102(5). A "rail carrier" may own tracks and transport passengers along its tracks, but that is not the only way to provide "railroad transportation." A rail carrier may instead use tracks owned by another entity and "operated under an agreement," 49 U.S.C. § 10102(6)(B), which is how the Transportation Board viewed the Orient Express. STB Order at

4.  Given our respect for the Transportation Board's judgment in these matters, *see Ass'n of Am. R.Rs. v. Surface Transp. Bd.*, 162 F.3d 101, 104, 107 (D.C. Cir. 1998), we see no basis for upsetting its determination of what constitutes tracks "operated under an agreement."[2]

The Transportation Board next determined that the Orient Express was a common carrier because it "holds itself out to the general public as engaged in the business of transporting persons." STB Order at 4. The Orient Express argues that a common carrier is instead one who provides a service meeting "a specific and provable public need" that "cannot . . . be met on a commercially reasonable basis" without "a virtual monopoly or . . . franchise," in return for which the carrier accepts additional duties. Although the Interstate Commerce Act does not define "common carrier," the Transportation Board's definition is the standard one. *See Fla. Power & Light Co. v. FERC*, 660 F.2d 668, 674 (5th Cir. 1981) ("Under common law, a common carrier is one who holds himself out as engaged in the business of providing a particular service to the public."); BLACK'S LAW DICTIONARY 226 (8th ed. 2004). The Orient Express makes the mistake of treating the description of some common carriers as a definition of all common carriers. The law imposes upon some common carriers duties such as nondiscrimination and the use of utmost care, and it requires some providers, especially monopolies, to behave as common carriers if their services are essential. Nevertheless, the term

---

[2] That the Orient Express does not operate its own locomotives and relies on Amtrak for motive power is of no consequence. Nothing in the definition of railroad "transportation" suggests the carrier must use its own locomotives. The Interstate Commerce Act defines "transportation" to include either "a locomotive" *or* a "car . . . related to the movement of passengers." 49 U.S.C. § 10102(9)(A).

"common carrier" describes not the legal obligations of a company but how the company does business. To be a common carrier, a company need only, in practice, serve the public indiscriminately and not "make individualized decisions, in particular cases, whether and on what terms to deal." *Nat'l Ass'n of Regulatory Util. Comm'rs v. FCC*, 525 F.2d 630, 641 (D.C. Cir. 1975) (*NARUC*); *see also Nevada v. Dep't of Energy*, 457 F.3d 78, 86 (D.C. Cir. 2006).

The Orient Express operates as a common carrier. It distributes to the public brochures advertising specific prices for its vacation packages. Its 2004 brochure, for instance, offered an eight-day trip exploring the Pacific Coast at a per-person rate of $ 3,190 for "Vintage Pullman" cabin accommodations and $ 5,290 for "Presidential Suite" accommodations. There is no indication the Orient Express makes customer-by-customer decisions about whether it will deal. True enough, the company excludes children under the age of eight and has not made its cars accessible to the mobility-impaired. The company also notes that not every member of the public can afford its vacations. But to hold oneself out to the public "does not mean a given carrier's services must practically be available to the entire public." *NARUC*, 525 F.2d at 641. "One may be a common carrier though the nature of the service rendered is sufficiently specialized as to be of possible use to only a fraction of the total population. And business may be turned away either because it is not of the type normally accepted or because the carrier's capacity has been exhausted." *Id.*

The Surface Transportation Board reasonably concluded it had jurisdiction over the Orient Express, *see Ass'n of Am. R.Rs.*, 162 F.3d at 104, and we therefore deny the company's petition

for review in No. 06-1077.[3]

This brings us to the petition for review of the Railroad Retirement Board's order (No. 06-1203). The Retirement Board summarized and agreed with the Transportation Board's determination that the Orient Express was subject to the Transportation Board's jurisdiction. The company contends the Retirement Board evaded its responsibility when it deferred to the Transportation Board's decision without analysis. The company's description of what occurred is not accurate. The Retirement Board noted that it "should carefully weigh a decision by the [Transportation Board]" and "accept the [Transportation Board's] conclusion for purposes of coverage . . . if it accords with the evidence before us as well." RRB Order at 3-4. After stating this, the Retirement Board provided a detailed summary of the Transportation Board's decision and correctly found that "the conclusion . . . is clearly supported on each issue by the evidence before the Board itself as well." RRB Order at 5. That the Retirement Board reached the same conclusion about the Orient Express as the Transportation Board shows only that the company's arguments were not well-conceived.

The Railroad Retirement Board reasonably determined the

---

[3] In a consolidated case (No. 06-1080), petitioner General Committee of Adjustment 386 of the United Transportation Union contends the Transportation Board lacked power to issue the declaratory order. This court only has jurisdiction over petitions filed by a "party aggrieved" by a final order. 28 U.S.C. § 2344. A party challenging an agency's authority to act is not "aggrieved" if the agency disposition was in its favor. *See City of Cleveland v. U.S. Nuclear Regulatory Comm'n*, 68 F.3d 1361, 1370 (D.C. Cir. 1995). The Committee does not claim this particular order harmed it or its members in any way. We therefore dismiss the Committee's petition for lack of subject matter jurisdiction.

Surface Transportation Board had jurisdiction over the Orient Express. *See Ry. Labor Executives' Ass'n v. R.R. Ret. Bd.*, 749 F.2d 856, 860 (D.C. Cir. 1984). The company's petition in No. 06-1203 is therefore denied.

*So ordered.*